REEVES, Respondent, *vs.* LARKIN *et al.*, Appellants.

1. A party may recover for damages caused by the negligence of another in performing a duty, unless his own negligence contributed to the loss.
2. A variance between the petition and the evidence, as to the manner in which the negligence of the defendant operated to occasion the loss sued for, is not material under the new practice.

*Appeal from St. Louis Court of Common Pleas.*

Action to recover the value of a mule alleged to have died from injuries received in hauling a loaded dray across a sewer constructed by the defendants, and negligently covered. The facts sufficiently appear in the opinion of the court.

*J. A. Kasson*, for appellant.
*H. N. Hart*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The instructions given by the court, on its own motion, require that the jury, before finding for the plaintiff, shall be satisfied that the defendants so negligently and improperly filled up the sewer made by them across the levee, that by reason thereof the plaintiff's mule was injured, and that the plaintiff was not guilty of any negligence or carelessness in the management of his dray and mule, at the time of the injury. In the instructions given by the court, on its own motion, as well as in the instructions given at the request of the defendants, the rule is placed prominently before the jury that the plaintiff is not entitled to recover, if he could have passed the sewer or drain in safety, at the time of the accident, by the exercise of reasonable care and attention in passing it. These instructions seem to place the law of the case as favorably before the jury as the defendants could ask it. They had, for their own convenience and advantage, placed a sewer from the cellar of their building across a public thoroughfare in the city, and having accomplished their object by draining their cellar, they

filled up the sewer with stone. They had made the surface even with that of the street, but as it was less compact than the street, it necessarily sunk below the surface of the street, and occasioned difficulty to those passing it with loaded vehicles. If the plaintiff's mule was lost to him by reason of the negligent and careless manner in which this sewer was filled up by the defendants, he is entitled to recover, unless his own negligence has contributed to the loss, and this rule is stated with sufficient clearness by the court.

2. The objection taken, that the case made by evidence and covered by instructions is not that stated in the petition, is not in this case tenable. The petition, it is true, states that, while the plaintiff's dray was passing the sewer, "the sewer gave way" and the loss of the mule was occasioned thereby. The case in evidence showed that the depression in the street occasioned by the defendants' sewer, had existed for some time, and that there was no sudden alteration in it at the time of the injury. Still, the action, in its scope, is to recover damages which the plaintiff alleges he sustained by reason of the negligent and careless manner in which the defendants filled up the sewer, and although he may have incorrectly stated the mode in which the negligence of the defendants operated to produce the result, he has sufficiently alleged the carelessness of the defendants in the performance of a duty, and the loss of the plaintiff occasioned thereby. Under our system of practice, there is no such variance as required an instruction which would have occasioned a nonsuit. The judgment is, with the concurrence of the other judges, affirmed.