JOSEPH JOHNSON, Respondent *v.,* EDWARD FRIEL, Appellant.

Where one, under a contract with a municipal corporation, has made an excavation in a public street or highway, and refilled the same, it is his duty to know the natural qualities of earth thus thrown out and replaced (*i. e.*, that it will shrink and settle when soaked with water), to anticipate the result upon it of a rain-fall, and to see that during and after a rain it is in a proper and safe condition, or to take such measures of prudent forethought as will protect the public passing by from damage, and for neglect of this duty he is liable to the party injured.

(Argued November 22, 1872; decided November 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court of the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial. This action was brought to recover damages for injuries to plaintiff's horses and carriage, occasioned by driving into a hole in a street in the city of Brooklyn.

Defendant contracted with the city of Brooklyn to construct a sewer in Sixth avenue in that city. He had completed· the sewer a portion of the distance, filled in and repaved the trench and restored the surface of the street. This had been done at the point where the accident happened, some two weeks before the injury. The accident occurred about nine o'clock in the evening; it had rained hard all day, and the water washed out a hole where the earth had been thus replaced, about two feet deep and some six or seven feet long. Plaintiff's horses and carriage, in attempting to cross Sixth avenue, fell into this hole and were injured. There were no guards or lights about the place. Defendant had a watchman, but the evidence tended to show that about the time of the accident he was in a house two blocks off. Defendant's counsel moved for a nonsuit upon the ground that no negligence was shown on the part of defendant. The motion was denied. He also requested the court to charge that if defendant left the work in a proper and safe condition, as it went along, that was all he was required to do. He was not obliged to finish the whole work before he was relieved from liability for this part of it. The court declined so to charge, but did charge that it was the defendant's duty when he left the street to leave it, so far as human observation can go, in as safe a condition as he found it when he began to excavate the trench. *Held*, no error; that it was not enough that defendant left the work in a proper and safe condition for the time, but it was his duty to anticipate and provide for the natural effect of rains upon earth excavated and replaced, to see that during and after the rain it was in proper and safe condition, or that safeguards were placed about it, or watchmen kept near it, or such measure of prudent forethought adopted to prevent damage to the traveling public.

*John H. Bergen* for the appellant.

*George G. Reynolds* for the respondent.

FOLGER, J., reads opinion for affirmance.
All concur.
Judgment affirmed.