SOUTHERN EXPRESS CO. *v.* TEXARKANA WATER CO.

Decided January 17, 1891.

54  131
54  214

1. *Public street—Excavation—Negligence.*

One who digs a trench in a public street is liable for an injury resulting from a negligent performance of the duty to restore the street to the condition it was in before the excavation, as where he fails to anticipate and provide for the natural effect of rains upon earth excavated and replaced.

2. *Notice of defect.*

One whose wrongful or negligent act has caused a defect in a public street will be liable for injuries resulting therefrom, although he has no actual notice of the existence of such defect. He is bound to take cognizance of the natural consequences of his act.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

Action on behalf of the Southern Express Company to recover damages for the killing of a horse, occasioned by the negligence of the Texarkana Water Company in filling a trench which it had dug in a public street in the city of Texarkana, for the purpose of laying a water pipe. There was verdict and judgment for defendant. Plaintiff has appealed, and assigns errors in the court's charge.

*Scott & Jones* for appellant.

The acceptance by the city did not in any manner release the water company from its responsibility from negligence. Authority cannot be given to endanger public safety. The city could not justify against a nuisance created by its officers, nor can any one justify against a nuisance created under a license from the city. Wood on Nuisances, 2d ed., sec. 274; Viner's Abr., "Nuisance." The acceptance by the city does not relieve the company. 44 N. Y., 132; 52 Ind., 428. The seventh instruction clearly erroneous. A party erecting a nuisance is *immediately* liable. 18 Minn., 324; S. C. 10 Am. Rep., 184, and cases cited; 21 Barb., 409. Besides it is inconsistent with the eighth instruction. The charge is not harmonious.

*Byrne & Jones* for appellee.

The proof shows authority from the city; the ditch was dug and refilled in the usual way, *all the dirt* being replaced. The company exercised reasonable care and caution. This is all the law requires.    Whart. on Neg., sec. 816; Thomp. on Neg., vol. 1., p. 262; Cooley on Torts, p. 626. To charge the company the proof must be positive and clear that the injury was the unmixed result of the negligent act sought to be charged.    105 N. Y., 202; Thomps. on Neg., vol. 2, p. 762 (note 6.)    Before one can be charged with the burden of a nuisance, it must appear that he had some knowledge of it or by the exercise of reasonable care could have known it.    2 Thomps. on Negl., 762, note 6; Lawson, Rights, Rem. & Pr., vol. 3, p. 1759, sec. 1033; 30 Mass. (13 Pick.), 94; 124 Mass., 165; *ib.*, 289; 80 N. Y., 212; 12 N. Y., 486; 51 N. Y., 573; 104 N. Y., 344.

The law does not hold a city as an insurer of the safety of streets, nor does it impose a greater responsibility on a person using the street with the city's permission, nor is one using the streets under a license an absolute insurer of its safety, when he returns the street to the city.    109 N. Y., 134; 77 Me., 287; 2 Th. on Neg., pp. 745, 765, notes.

COCKRILL, C. J.    The charge of the court is to be condemned for the reasons pointed out in *Davis* v. *Railway*, 53 Ark., 129.    All of its parts cannot be made to harmonize. Without dwelling upon the inconsistencies, there is positive error in the seventh instruction given at the instance of the appellee, who was the defendant below, which no incidental explanation in another part of the charge could rectify.    In effect it declares that the defendant was not liable for the injury sustained by the plaintiff, even though it was guilty of negligence in filling the trench which caused the injury, if the trench had been suddenly washed out by rains, and the defendant was not apprised of its dangerous condition and could not have known of it by the exercise of reasonable

diligence.    That construction of its meaning is as favorable for the defendant as ought to be placed upon it.

If the defendant was negligent in the performance of its duty to restore the street to the condition it was in before the excavation, and by reason thereof the rainfall, which came in the ordinary course of nature, displaced the newly filled earth, then its negligence was the proximate cause of the defect in the street, and it was liable for the resulting injury.    " It was not enough that the defendant left the work in a proper and safe condition for the time, but it was its duty to anticipate and provide for the natural effect of rains upon earth excavated and replaced," and it is liable for any injury resulting from its neglect to do so.    *Johnson* v. *Friel*, 50 N. Y., 679 ; *Dillon* v. *Washington Gas Light Co.*, 1 McArthur, 626 ; *Reeves* v. *Larkin*, 19 Mo., 192.

*1. Negligence —Excavation in public street.*

If guilty of no negligence in the performance of its duty to replace the street in the condition in which it found it, the defendant would not be liable for a dangerous condition subsequently occasioned by natural causes.

The doctrine of notice of the defect in the street as a prerequisite to liability, which is applicable to cases in which there is a duty resting upon the defendant to keep streets in repair after they have been properly constructed, has no application to a suit against one whose active agency has brought about the danger in the street.    He is bound to take cognizance of the natural consequence of his own wrongful or negligent act.    The instruction made an improper application of that rule, and is erroneous for that reason also.

*2. Notice of defect.*

For the errors indicated the judgment will be reversed, and the cause remanded for a new trial.

It is so ordered.