### NEWMAN v. CITY OF NEW YORK.

#### (Supreme Court, Appellate Term. February 7, 1908.)

1. MUNICIPAL CORPORATIONS—LIABILITIES FOR INJURY TO THIRD PERSON—WORK DONE BY INDEPENDENT CONTRACTORS.

   Where a city contracts with an independent contractor to make an opening in the street, it must exercise a continuing duty to see that the same is carefully guarded and made reasonably safe for travel, regardless of who performs the actual work.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1580.]

2. SAME—DEFECTS IN STREETS—EXCAVATIONS IN ROADWAY.

   Where an independent contractor, employed by a city, cut an opening in the asphalt pavement, and during a suspension of the work put in a temporary filling, the city cannot escape liability for the defective condition of such opening, on the ground that it had no time in which to remedy the same, where the temporary filling was done under the supervision of the city inspector.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1580.]

3. SAME.

   Where an independent contractor, working under the direction of a city, cut an opening in the asphalt pavement, and during a suspension in the work put in a temporary filling, which washed out during a heavy rain, the city will be liable for damages sustained by one driving into the hole while the street was covered with water, since it was the duty of the city to anticipate and provide for the natural effect of rain under such circumstances.

4. SAME—CONTRIBUTORY NEGLIGENCE.

   Where a street was covered several inches deep with water, and plaintiff's driver, who had not been that way for several days, drove into the opening, cut by an independent contractor working for the city and filled with a temporary filling, overturning the wagon and resulting in damage, he cannot be charged with contributory negligence, where there was nothing to warn him of the condition of the street.

5. SAME—ACTIONS—EVIDENCE—DISMISSAL.

   An independent contractor, working for a city, cut an opening in the asphalt pavement, and, running short of material, he left it for some time with a temporary filling, but nothing to show where the hole was. During the suspension of work it rained, so as to cover the street several inches deep. While so covered, plaintiff's driver drove a wagon into the opening, overturning the wagon. The evidence showed that after the water ran off a hole about two feet deep was left. · Held, in an action against a city for the damages sustained, that it was error to dismiss for failure of proof.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Vincent Newman against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

John Conville, for appellant.

Francis K. Pendleton (Royal E. T. Riggs, of counsel) for respondent.

GILDERSLEEVE, P. J. On September 1, 1905, an opening was made in the street bed at the entrance to the Ninety-Ninth Street Ferry, between Ninety-Ninth and One Hundredth streets, in order to shift the silt basin. The work was being done by employés of the Uvalde Asphalt Paving Company, pursuant to a contract with the city, and a city inspector was in charge of the men, to see that the work was properly done. On said 1st day of September, 1905, the workmen made an opening in the asphalt pavement in the street, about 12 feet long, 2 feet deep, and 2 feet wide. On September 2, 1905, before the job was completed, the men ran short of pipe, and they suspended work, after filling in the excavation temporarily. The next day was Sunday, and the day following that was Labor Day, so that the work was not resumed until September 5, 1905. On September 2d, about the time the men were leaving the job, it commenced to rain, and it continued to rain with such abundance that on September 3d the entire street was covered with water from curb to curb to a depth of about a foot and a half. On said 3d day of September, at about 4 o'clock in the afternoon, while the street was still covered with water, plaintiff's servant, one Scaro, was driving plaintiff's wagon to market through said street, and the wheel of plaintiff's wagon sunk into a hole in said excavation, causing the wagon to overturn and resulting in damage, for which plaintiff seeks to recover in this action. The case was tried without a jury, and at the close of the testimony the complaint was "dismissed for failure of proof." Plaintiff appeals.

The son of plaintiff saw the scene of the accident when the water had run off, and found a hole there 5 or 6 feet wide, where it was sunken down. The witness Gembest says that he saw the place the next day after the accident, when the water had run off, and that there was a hole in the street, where the accident had taken place, about 2 feet deep. Policeman Orstadt testifies that he saw the place shortly after the accident, and on the same day, and found a hole so deep that he could not reach bottom with his 24-inch night stick, and that he made his official report that there was "a dangerous hole in the street." Gembest also says that the place in question was "soft," and that there was nothing (no temporary filling) there. The city inspector, without specifically denying the testimony of plaintiff's witnesses, states that when the men left work, on September 2d, they made a temporary filling of asphalt and concrete in the excavation. Two or three days after the accident the men returned to the work, and about a week after

the accident they completed the job, and again asphalted the street over the place where the excavation had been. All of plaintiff's witnesses appear to have seen the place before anything further had been done to it.

There is no dispute as to the law of the case. Where the city makes a contract with an independent contractor to make an opening in the street, it must exercise a continuing duty to see that the same is carefully guarded and made reasonably safe for travel, whether the actual work is performed by city workmen or by workmen of an independent contractor. The defendant's counsel does not dispute that the city had notice of this opening made in the street, and that, if the men were negligent, the city cannot take refuge behind the independent contractor who was performing the work. It is urged, however, that the city is not liable for the defective condition of such an opening until after the lapse of a reasonable time in which to remedy the same. In answer to this argument it may be pointed out that the temporary filling was put into the excavation under the supervision of the city's representative.

It is the claim of the defendant that the accident was due solely to the rain. Even so, it will be remembered that it had begun to rain before the men had left the work, and, in any event, it was the duty of the city to anticipate and provide for the natural effect of rain on earth excavated and replaced, and to have foreseen that, if rain gathered upon the street, it would naturally tend to soak into this opening, since all the rest of the street was asphalted. Johnson v. Friel, 50 N. Y. 679. The opening apparently was not properly filled, and the water soaked through the filling, the loose earth settled, and the hole, which was subsequently found there, resulted therefrom. It is, in any event, clear from the result that the temporary filling was not done in such a way as to properly restore the street to a safe condition, while nothing whatever was done to warn the public of danger. The driver apparently knew nothing of the trench, not having passed that way for several days previous to the accident, and, as there was no sign or other indication to warn him of the dangerous condition of the street, he cannot be charged with contributory negligence in passing through that street. It seems to us that the learned court below fell into error in dismissing the complaint on the ground of a failure of proof.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY and GERARD, JJ., concur in the result.