Vincent Newman, Appellant, *v.* The City of New York, Respondent.

(Supreme Court, Appellate Term, February, 1908.)

Municipal corporations — Defective streets, etc.— Particular defects and obstructions — Excavations.

Independent contractors — Liabilities as between employer and contractor to third persons for torts — Excavations and obstructions in streets.

Where a city makes a contract with an independent contractor to make an opening in a street it incurs a continuing duty to see that the same is carefully guarded and made reasonably safe for travel, whether it or the contractor does the work.

Where, after an opening had been made, the excavation was temporarily filled in under the supervision of the city inspector and the work suspended because of rain, and it appears that the filling was not done in such a way as to properly restore the street to a safe condition, while nothing whatever was done to warn the public of danger, the city is liable for damages to plaintiff's wagon which sunk into a hole, resulting from the settling of loose earth in the excavation, and was overturned, as it was the duty of the city to have anticipated and provided for the natural effect of rain on earth excavated and replaced and to have foreseen that, if rain gathered upon the street, it would naturally tend to soak into the excavation.

The driver of plaintiff's wagon, who apparently knew nothing of the excavation, not having passed that way for several days previous to the accident, was not under the circumstances chargeable with contributory negligence in passing through the street.

The case having been tried without a jury, a dismissal of the complaint for failure of proof was error.

APPEAL by the plaintiff from a judgment dismissing the complaint, rendered in the Municipal Court of the city of New York, seventh district, borough of Manhattan.

John Conville, for appellant.

Francis K. Pendleton (Royal E. T. Riggs, of counsel), for respondent.

GILDERSLEEVE, J.  On September 1, 1905, an opening was made in the street bed at the entrance to the Ninety-ninth Street Ferry, between Ninety-ninth and One Hundredth streets, in order to shift the silt basin.  The work was being done by employees of the Uvalde Asphalt Paving Company, pursuant to a contract with the city; and a city inspector was in charge of the men to see that the work was properly done.  On said 1st day of September, 1905, the workmen made an opening in the asphalt pavement, in the street, about twelve feet long, two feet deep and two feet wide.  On September 2, 1905, before the job was completed, the men ran short of pipe; and they suspended work, after filling in the excavation temporarily.  The next day was Sunday and the day following that was Labor Day, so that the work was not resumed until September 5, 1905.  On September second, about the time the men were leaving the job, it commenced to rain; and it continued to rain with such abundance that, on September third, the entire street was covered with water, from curb to curb, to a depth of about a foot and a half.  On said third day of September, at about four o'clock in the afternoon, while the street was still covered with water, plaintiff's servant, one Scora, was driving plaintiff's wagon to market through said street, and the wheel of plaintiff's wagon sunk into a hole in said excavation, causing the wagon to overturn and resulting in damage for which plaintiff seeks to recover in this action. The case was tried without a jury and, at the close of the testimony, the complaint was " dismissed for failure of proof."  Plaintiff appeals.  The son of plaintiff saw the scene of the accident, when the water had run off, and found a hole there five or six feet wide, where it was sunken down.

Supreme Court, Appellate Term, February, 1908.    [Vol. 57.

The witness Gembest says that he saw the place the next day after the accident, when the water had run off, and that there was a hole in the street, where the accident had taken place, about two feet deep. The policeman Orstadt testifies that he saw the place shortly after the accident, and on the same day, and found a hole so deep that he could not reach bottom with his twenty-four-inch night stick, and that he made his official report that there was " a dangerous hole in the street." Gembest also says that the place in question was " soft," and that there was nothing (no temporary filling) there. The city inspector, without specifically denying the testimony of plaintiff's witnesses, states that, when the men left work, on September second, they made a temporary filling of asphalt and concrete in the excavation. Two or three days after the accident the men returned to the work, and about a week after the accident they completed the job and again asphalted the street over the place where the excavation had been. All of plaintiff's witnesses appear to have seen the place before anything further had been done to it. There is no dispute as to the law of the case. Where the city makes a contract with an independent contractor to make an opening in the street, it must exercise a continuing duty to see that the same is carefully guarded and made reasonably safe for travel, whether the actual work is performed by city workmen or by workmen of an independent contractor. The defendant's counsel does not dispute that the city had notice of this opening made in the street, and that, if the men were negligent, the city cannot take refuge behind the independent contractor who was performing the work. It is urged, however, that the city is not liable for the defective condition of such an opening, until after the lapse of a reasonable time in which to remedy the same. In answer to this argument it may be pointed out that the temporary filling was put into the excavation under the supervision of the city's representative. It is the claim of the defendant that the accident was due solely to the rain.

Even so, it will be remembered that it had begun to rain before the men had left the work; and, in any event, it was the duty of the city to anticipate and provide for the natural

effect of rain on earth excavated and replaced and to have fore-
seen that, if rain gathered upon the street, it would naturally
tend to soak into this opening, since all the rest of the street
was asphalted.    Johnson v. Friel, 50 N. Y. 679.    The
opening apparently was not properly filled, and the water
soaked through the filling; the loose earth settled, and the
hole, which was subsequently found there, resulted therefrom.
It is, in any event, clear from the result that the temporary
filling was not done in such a way as to properly restore the
street to a safe condition, while nothing whatever was done to
warn the public of danger.    The driver apparently knew
nothing of the trench, not having passed that way for several
days previous to the accident; and, as there was no sign or
other indication to warn him of the dangerous condition of
the street, he cannot be charged with contributory negligence
in passing through that street.    It seems to us that the
learned court below fell into error in dismissing the com-
plaint on the ground of a failure of proof.

The judgment is reversed and a new trial granted, with
costs to appellant to abide the event.

Seabury and Gerard, JJ., concur in result.

Judgment reversed and new trial granted, with costs to
appellant to abide event.