FLORENCE S. FITHIAN, Respondent, v. DEGNON CONTRACTING COMPANY, Appellant.

First Department, December 1, 1916.

Negligence — personal injuries caused by alleged defect in city's streets — temporary roadway constructed by contractor — evidence — proof of similar defects inadmissible — charge — duty of municipal contractor respecting streets — proof not showing negligence.

In an action brought against a general contractor who was engaged in constructing a subway in the streets of the city of New York, to recover for personal injuries caused by the alleged negligence of the defendant

in allowing a plank of a temporary roadway to become loose so that it sank when the plaintiff stepped upon it and caused her to fall, it is reversible error to allow the plaintiff to give evidence that other planks in the locality were loose, when, under the pleadings and bill of particulars, the issue has been narrowed down to the condition of the particular plank specified by the plaintiff.

In such action it was error for the court to refuse to charge that the defendant's duty was no greater than that of the municipality in the care of its streets.

Evidence examined, and *held*, insufficient to establish the negligence of the defendant, there being no proof of actual notice of the condition of the plank and nothing to show that the defect had existed for a length of time sufficient to charge the defendant with constructive notice.

APPEAL by the defendant, Degnon Contracting Company, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of May, 1916, affirming a judgment of the City Court of the City of New York in plaintiff's favor.

*James F. Donnelly*, for the appellant.

*Caldwell & Banister*, for the respondent.

DAVIS, J.:

In the City Court the plaintiff recovered a judgment for $990.88 as damages for personal injuries. On appeal to the Appellate Term this judgment was affirmed and the defendant now appeals by permission of this court.

The plaintiff alleges in her complaint that on the 22d day July, 1914, at five P. M. while she was crossing Broadway at the southwest corner of Park place going to the southeast corner of Mail street and Broadway, she stepped upon a plank which was entirely loose, that it sank below the next plank so that her left foot caught under the next plank, throwing her to her knees, as the result of which she sustained serious injuries. The defendant is a contracting company, and on the day in question held a contract to do work in the construction of the subway on Broadway at the place of the accident. The particular negligence alleged is the failure to secure this par-

ticular plank with nails or bolts or by other means.   In her bill of particulars plaintiff states that by the exercise of reasonable care the defendant could have discovered that this particular plank was loose, defective and out of repair and formed a trap which had existed for some time, and she alleges quite specifically the particular plank upon which she stepped and which caused the accident.   In her testimony she states positively that she stepped on a plank which went down with her so far as to leave a space between it and the adjoining plank and that her left foot caught underneath the plank adjoining the one that went down, throwing her on her knees.   She then gave further testimony as to the injuries which she sustained.   Thus, in order to recover, it was necessary for her to show that a particular plank upon which she stepped sank underneath her weight and that her foot caught under the adjoining plank throwing her to the ground, and that the plank was in that condition through the negligence and carelessness of the defendant.

To sustain her case the plaintiff called William T. Giesselberg, a traffic policeman, who testified that at the time of the accident he was standing about twenty feet below where the plaintiff fell; that he did not see her fall; that when he first saw her she was lying on her hands and knees across the north-bound car track; that he called an ambulance; that the accident took place about five o'clock in the afternoon; that the roadway there was covered with planking which was not new; that the planks at the place where the accident happened were between the rails; that the planks were close together but below the rail; that when traffic went over the planks they moved slightly.   The plaintiff's attorney at this point endeavored to elicit from this witness the fact that he made reports as to the condition of this planking.   He asked the following question: "Q. Now, as to any particular spot where this accident happened, or with reference to her fall, did you make any report as to that?"   This was objected to as improper and incompetent, and the court said: "Not any particular spot on which the plaintiff claims to have met with her accident, but in or about that spot."   The defendant's counsel objected to the question as modified, but the court allowed the

witness to testify over the objection and exception as follows:
" We reported it.    When we had an occasion of that kind, we
reported it to the inspector of the contracting company.    The
Court: Did you make any complaint with respect to the
planking about that part of the roadway ?    The witness: Not
that particular part."    Having given this answer he was asked
whether he made any report as to any other spot and he said
" Yes."    This question was objected to, the objection overruled
and exception noted.    The witness then went on to state, with-
out giving any specification of time, that he made a complaint
to the inspector about a board that was loose.    This testimony
evidently referred to a loose plank some where in the neighbor-
hood but not to the particular plank which the plaintiff claimed
caused the accident.

It was clearly error to allow the plaintiff to show the bad
condition of the roadway in parts other than the place of the
accident.    The issue tendered by the complaint and bill of par-
ticulars had been narrowed down to the condition of a particu-
lar plank which plaintiff had specified.    The plaintiff's counsel
then put the following question: " Q.  Will you state according
to your best recollection what the condition was in any part of
that roadway, and what you reported as to what the trouble
was with it ?  You described how it moved ?"  This was objected
to and the objection overruled and exception was noted.    The
witness answered: " Why, a board, when a wagon was running
over it, a board would become loose, and we would get the
inspector and tell him about it, and he would put a laborer on
the job and nail it up."  On cross-examination the witness
stated that he had not called anybody's attention to the plank-
ing being loose at this particular spot where the accident hap-
pened.    He also stated when asked whether he saw the
condition of the planking where the plaintiff fell and whether
there were any planks loose there, that there did not appear to
be any, although he did not examine them; that he did, how-
ever, examine them the next day and found that the planks
were below the rail slightly, that is, below the top of the rail
slightly, perhaps an inch; that the planks appeared to be firm,
although he did not examine them particularly, but he walked
over them and found nothing loose.

Plaintiff then called Patrick Clynes, a traffic policeman, who stated that at the time of the accident he was standing near by, opposite the center line of Mail street; that he did not see the plaintiff fall, but saw Officer Giesselberg assisting her. He testified in a general way about the planking around the place, and then was allowed to testify, over the objection and exception of defendant's counsel, that in parts of the roadway from time to time he would call the attention of the workingmen to some bad condition in the planking and cause them to get men to fix it. He also testified that on the night of the accident he found the plank next to the car track somewhat depressed, about an inch; that he saw no planks loose there; that he saw the rail and came to the conclusion that the woman had tripped on the rail. Here the plaintiff rested her case and a motion to dismiss the complaint was denied and exception taken. The purpose of this evidence was to show negligent maintenance of the roadway in the neighborhood of the place of the accident and from that fact to have the jury find the particular negligence complained of — the loose and sunken plank. Naturally, the jury would infer from the reception of this evidence that it would have the right to find the existence of the particular negligence charged against the defendant from the evidence as to the condition of the planking in other nearby places as given by this witness. There are other instances of the admission of evidence of this kind, but it is unnecessary to refer to them further. Doubtless the jury was greatly influenced by that testimony. It had no probative value to establish the negligence alleged and its reception was prejudicial error sufficiently serious to require the reversal of this judgment.

We think also that the court erred in refusing defendant's request to charge the jury that " the defendant's duty was no greater in this case than that of the municipality in the care of its streets." This request correctly stated the law as to the measure of care to be exercised by the defendant in maintaining the temporary roadway. (*Carr* v. *Degnon Contracting Co.*, 48 Misc. Rep. 531, and cases there cited.)

There was no evidence of actual notice to defendant of the condition of the plank in question and none to show that the defect complained of had existed a length of time sufficient to

charge defendant with notice of it, nor was there evidence showing that the defendant would have discovered it in the exercise of reasonable care.

On the contrary, the evidence introduced by defendant tends strongly to show that defendant exercised all the care required of it.

The defendant called Jacob Beta, a printer, who testified that on the night of the accident he was near the place and saw the plaintiff falling; he was about ten feet away from her; that although he did not examine the place where she fell, he saw no defect in the roadway; that he saw no part of the planking move when she fell. On cross-examination he stated that he could have felt the plank move; that it was on his side; that the plank might have gone down; that he passed this particular place many times a day and did not see this loose plank. On further cross-examination he said that he was looking in a southerly direction, and if the plank went up, as he was only ten feet away from it, it might have slipped him, but he would have seen it and that he did not see it go up.

Andrew E. Corcoran testified for the defendant that he was an inspector of decking employed by the Degnon Contracting Company; that it was his duty in the morning to go from one end of the line to the other (from Canal street to Mail street), in the middle of the road inspecting the decking, and when anything needed repair it was his duty to have it fixed immediately; that he came to the place where the accident happened on the night in question; that he arrived there after the accident, observed the planking on the southeast corner of Mail street and Broadway in the space between the car tracks and that there were no loose planks there; that he walked over them and examined them and found them secure; that from the time of the accident until the night of the following day no repairs whatever were made. On cross-examination he said that at the particular point where the accident happened he would pass about ten times a day.

Because of the absence of evidence showing defendant's negligence and for the errors in the admission of testimony, and the refusal to charge as indicated, the determination of the Appellate Term is reversed as well as the judgment and order

of the City Court and the complaint dismissed, with costs in all courts.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Determination of Appellate Term and judgment and order of City Court reversed and complaint dismissed, with costs in all courts.    Order to be settled on notice.