KATHRYN HORTON and HARRY HORTON, Respondents, v. BROOKLYN CITY SAVINGS AND LOAN ASSOCIATION, Appellant.—Action by plaintiff Kathryn Horton to recover damages for personal injuries sustained by the fall of a ceiling in her apartment, due to the negligence of the defendant owner, and by her husband to recover for expenses and loss of services. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event, on the ground that it was error to admit testimony as to the condition of the ceilings in other parts of the building. Lazansky, P. J., Carswell and Tompkins, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm.

In the Matter of the Application of THE BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK, Acting for and on Behalf of the City of New York, Pursuant to Chapter 4 of the Laws of 1891 and the Several Statutes Amendatory Thereof and Supplemental Thereto, Relative to Acquiring and Extinguishing All the Outstanding Leaseholds, Rights, Permits or Interests in Real Property, Situated at the Northwest Corner of Fulton and Jay Streets, in the Borough of Brooklyn, City of New York. WILLIAM A. RUSSO, Appellant; THE CITY OF NEW YORK, Respondent.— Final decree fixing the value of leasehold rights, in so far as it affects the claim of appellant, affirmed, with costs. No opinion. Carswell, Scudder, Tompkins and Johnston, JJ., concur; Davis, J., dissents and votes to reverse. The lessee had a profitable going business in the property taken by the city. It had been long established and was well known to those who sought recreation of the nature there furnished; and it had a patronage which it was unlikely would follow fully to another location. The " market value " rule applied by the court at Special Term did not, in my opinion, fully or correctly measure the damages the appellant sustained. He was entitled to show the improvements made, the extent of his patronage and that the business was profitable — not as elements of damage but as a basis of the value in use in computing damages — this, not necessarily as a value in use to him individually, but to any one who might purchase his leasehold by assignment with the purpose of continuing to conduct a profitable business at this well-established place, already enjoying a steady patronage. (1 Nichols Em. Dom. [2d ed.] § 233.)