## No. 18,351.

LOUIS H. WEBER *v.* GAMBLE BUILDING COMPANY, ET AL.
(345 P. [2d] 727)

Decided October 26, 1959. Rehearing denied November 16, 1959.

Messrs. Lee, Bryans, Kelly & Stansfield, Mr. Fletcher Thomas, Mr. Bryant O'Donnell, for plaintiff in error.

Messrs. McComb, Zarlengo & Mott, for defendant in error Gamble Building Company.

Messrs. Caddes & Capra, for defendants in error Tri-County Septic Tank Installers.

*In Department.*

Opinion by Mr. Justice Day.

The parties will be referred to by name.

Weber was injured when surface ground in his back yard gave way as he was walking therein. His leg was precipitated into an 18 inch hole. He had purchased the property from Gamble Building Company several weeks before and had entered into occupancy of the premises. He brought this action to recover for the injuries suffered. In addition to Gamble, he also joined as defendants a subcontractor, Tri-County Septic Tank Installers, and two other subcontractors, Sago and Stevens, who had done the back-filling work on the premises. Weber seeks recovery from all of the defendants, or some one or more of them, on the ground that when the excavation and trenches for the septic tank were filled the job was done in a negligent manner. He charged that either one or all of the defendants or some employee under their supervision and control, and for whose negligent acts one or more of the defendants was responsible, caused the injury. The trial court, at the close of the

plaintiff's case, dismissed the action as to the subcontractors Sago and Stevens. That ruling is not challenged here.

At the conclusion of all of the evidence, the court permitted the matter to go to the jury, which returned a verdict for Weber. Motions for new trial and for judgment notwithstanding the verdict, filed by Gamble and Tri-County, were granted. The trial court admitted errors occurring at the trial, and ruled in effect that the motion for directed verdict as to all defendants at the close of plaintiff's case should have been granted for lack of evidence. Judgment for Gamble and Tri-County notwithstanding the verdict was entered, the court stating as reason therefor that Weber had not sustained the burden of proof.

 The eventual decision of the trial court was correct. It should have directed a verdict for the defendants at the close of plaintiff's case. There is no evidence in the record to support a verdict for the plaintiff. The work of filling the excavation was done by subcontractors. There is no evidence that they were negligent in doing that work and the doctrine of res ipsa loquitur has no application. Five months had elapsed between the time Tri-County completed its work and the time of the accident. Plaintiff had been in exclusive possession and control of the property for three weeks prior to the accident. There were so many intervening events that no causal connection between the injury and any action of Tri-County could be established. There was lack of evidence to charge Gamble directly with the doing of any act which it should not have done or with the failure to do any act which it should have done. No presumption of negligence arises from the happening of an accident. The fundamental element of proximate cause connecting any of the defendants with the resulting injury was totally lacking.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Hall concur.