No. 20723.

JUANITA DORLAC v. JOHN TODD, INC.
(398 P.2d 45)

Decided January 11, 1965.

GEORGE T. ASHEN, THOMAS C. SINGER, for plaintiff in error.

EARL J. HOWER, ROBERT E. MCLEAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

BY writ of error Juanita Dorlac seeks to have reversed the judgment of dismissal of her claim for damages entered by the trial court on the motion of the defendant, John Todd, Inc. The motion was granted at the conclusion of Juanita's evidence, and immediately thereafter the trial court discharged the jury.

Juanita ascribes error to the action of the trial court in thus entering judgment, on the grounds (1) that she had made out a prima facie case, and (2) that the evidence admitted, "taken together with the evidence" which the trial court "erroneously refused to admit," would have clearly established the corporation's culpable negligence. It becomes unnecessary to determine the second ground of asserted error in view of our disposition of the first.

Juanita and her husband John Dorlac leased the premises in question from one Ed Clark. They operated a restaurant thereon. John devoted considerable time, and Juanita her spare time, to the conduct of the restaurant business.

A need developed for a septic tank, and Ed Clark, the lessor, made arrangements with the corporation for its installation in the rear of the premises. Theretofore, this area had been utilized for trash barrels which were used in connection with the restaurant, and as a space in which the Dorlac children played.

The corporation started to excavate the area about June 1, 1960. It dug two large, deep holes and a trench in the rear of the premises. In the two holes were lodged large cement tanks. After such placement, the necessary operative connections were made, followed by filling and levelling of the soil. The project was completed on June 4, 1960, and the corporation then left the premises solely in the posession of the Dorlacs.

In the evening of June 6, 1960, Juanita started cleaning the restaurant, in the process of which she had to go to the space where the trash cans were kept. A few steps from the back door, the soil gave way under her weight and her left leg plunged through the surface to her pelvic region. She was unable to extricate herself from the opening without the aid of her husband and an employee. As a result of this mishap, she sustained certain injuries for which she sought to be indemnified by this suit.

The accident occurred as she stepped on the surface of one of the excavated and refilled areas. In the daylight of the next morning, this point of soil subsidence was examined by her husband, who testified that he looked down into the hole and that he "could see the complete side of the septic tank, and also the area between the septic tank and the ground."

Evidence that there was a space between the replaced soil and the side and top of the tank made out a prima facie case of negligence, presenting a jury question of whether there was inadequate and improper backfilling so as to render the construction imminently dangerous by reason of such defective performance. See *Southern Express Co. v. Texarkana Water Co.,* 54 Ark. 131, 15 S.W. 361; *Russell v. Whitcomb,* 100 N.H. 171, 121 A.2d 781; *Krisovich v. John Booth, Inc.,* 181 Pa. Super. 5, 121 A.2d 890.

*Weber v. Gamble Co.,* 140 Colo. 483, 345 P.2d 727, cited by the corporation, furnishes no answers, for in that case

274

we found a number of intervening causes which may have brought about the subsidence of the soil.

The judgment is reversed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE SUTTON concur.