█ CARMEN CABEZUDO, as Administratrix of the Estate of PEDRO CABEZUDO, Deceased, Respondent, v NEW YORK'S ELDORADO, INC., Appellant, et al., Defendants.—Judgment, Supreme Court, Bronx County, entered April 4, 1975, in favor of the plaintiff and against defendant-appellant New York's Eldorado, Inc., in a wrongful death action, unanimously modified, on the law, and a new trial granted against defendant-appellant, with $60 costs and disbursements to abide the event. While Cabezudo, plaintiff's intestate, was installing an air conditioner in a casement window of an apartment building

owned by defendant-appellant, New York's Eldorado, Inc., a section of the window came out and he fell to a terrace, two stories below, sustaining fatal injuries. The accident was unwitnessed. Plaintiff's theory of negligence was that a rivet in the upper bracket of the window had been missing for some time prior to the accident, and, as a result, the window was incapable of withstanding the pressure Cabezudo exerted on it while working. An opinion given by plaintiff's expert together with defendant-appellant's inability to produce the rivet comprised the only evidence supporting plaintiff's theory as to how the fall occurred. This evidence being purely circumstantial, it was imperative that the jury be precisely and completely instructed as to the rules governing the use of such evidence. However, the only instruction given on this subject was as follows: "Now circumstantial evidence is collateral evidence. Evidence from other sources, which could reasonably lead you to draw a logical inference as to how the accident happened, which reasonably leads you to conclude that certain facts must have taken place, in causing this accident." Appellant's request that this aspect of the charge be elaborated on and specifically that the court instruct the jury in accordance with New York Pattern Jury Instructions on circumstantial evidence (PJI 1:70), was declined. Since decedent's fall obviously could have been occasioned by causes other than that suggested by plaintiff's expert, the court erred when it failed to specifically instruct the jurors as to what they were required to do in the event they found the facts permitted of two inferences, one supporting defendant's negligence and the other its nonnegligence. (*Schwartz v Macrose Lbr. & Trim Co.,* 29 AD2d 781, affd 24 NY2d 856.) Moreover in his effort to establish defendant's negligence, plaintiff's counsel attempted to demonstrate defendant was generally careless. Instead of confining the questioning to the specific window involved, plaintiff's counsel, over objection, was permitted to elicit testimony that defendant had received complaints from other tenants about other casement windows in the building as well as testimony of multiple dwelling law violations concerning defendant's maintenance of the casement windows in an entirely different apartment. "The courts in this State have repeatedly held that it is not competent for the plaintiff to adduce evidence tending to show that the person by whom the negligent act was committed had previously committed similar acts or that he was generally negligent, and that the failure to exclude such testimony constitutes reversible error [citations omitted]." (*Grenadier v Surface Transp. Corp. of N.Y.,* 271 App Div 460, 461). (See, also, *Horton v Brooklyn City Sav. & Loan Assn.,* 246 App Div 757; *Fithian v Degnon Contr. Co.,* 175 App Div 386.) Concur—Markewich, J. P., Kupferman, Tilzer, Lane and Yesowich, JJ.