■ PHILIP DAVIS, Appellant, et al., Plaintiff, v GILBERT BLUM et al., Respondents.—In a medical malpractice action, plaintiff Philip Davis appeals from an amended judgment of the Supreme Court, Nassau County, entered January 27, 1977, which (1) dismissed the complaint against defendant Green for failure to establish a prima facie case and (2) was in favor of defendant Blum, upon a jury verdict. Amended judgment modified, on the law and as a matter of discretion, by deleting therefrom the second decretal paragraph thereof. As so modified, amended judgment affirmed, with costs to defendant Green payable by the appellant. The plaintiffs' causes of action against defendant Blum are hereby severed and remanded for a new trial, with costs to abide the event. On May 30, 1974 plaintiff Philip Davis (hereinafter plaintiff) underwent elective surgery for the repair of an

inguinal hernia at Shouldice Hospital in Toronto, Canada, as a result of which it is alleged that he suffered a massive stroke which has left him permanently unable to walk or speak. It is undisputed that the operation was dangerous under the circumstances of the plaintiff's prior medical history and that it should never have been recommended or performed. The issue as it developed at trial was whether defendant Dr. Gilbert Blum had urged the plaintiff to have the operation and whether defendant Dr. Martin Green (a neurologist) had "cleared" the patient for surgery. Coplaintiff Leona Davis, the plaintiff's wife, testified in the affirmative, while Dr. Blum testified that he had advised the plaintiff *against* the operation, but that the latter insisted on having it. Dr. Green testified that he had seen the plaintiff at Dr. Blum's request solely in connection with his fainting spells and he had neither been apprised nor had he been aware of the impending operation. In support of Dr. Green's testimony, Dr. Blum testified that he did not send the plaintiff to Dr. Green for neurological clearance. In our view dismissal of the complaint as against Dr. Green was fully warranted on the present record, as there is no competent evidence that the doctor was ever informed that the plaintiff was about to undergo a hernia operation. In fact, plaintiffs' own expert testified that the lack of any mention of surgical clearance in Dr. Green's report to Dr. Blum indicated to him that the plaintiff had not been sent to Dr. Green for that purpose. Accordingly, plaintiffs failed to establish a prima facie case against Dr. Green. As to Dr. Blum, however, it is our belief that a new trial is warranted due to (1) the use at the trial of evidence of the plaintiff's alleged alcoholism in order to show that he tended to exercise "poor judgment", a purpose beyond that for which it was admitted, i.e., to controvert the coplaintiff's testimony as to the plaintiff's exemplary home life on her loss of services cause of action, and (2) the introduction at the trial of opinion evidence by Drs. Friedman and Green to the effect that the plaintiff exhibited a so-called "denial syndrome", which would allegedly tend to make him disregard competent medical advice and thus choose to undergo a contraindicated surgical procedure. In our opinion, such evidence is akin to evidence of character and habit which is generally inadmissible in civil cases to raise the inference that a party acted in a particular way on the occasion in issue (see *Cabezudo v New York's Eldorado,* 50 AD2d 794; Richardson, Evidence [10th ed], §§ 158, 186; cf. *Halloran v Virginia Chems.,* 41 NY2d 386). The prejudice created by the introduction of this evidence requires a new trial as to Dr. Blum. We pass upon no further issue. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.