## Fitzmaurice *v.* Fabian, Appellant.

147    199
 29 SC ²237

147    199
222    ² 30

*Contractors—Liability for injuries to strangers.* ⹁

A contractor for work on real estate after he has delivered the property to its owner, is not liable to strangers for injuries caused by the negligent manner in which the work was done: Curtin v. Somerset, 140 Pa. 70, followed.

*Negligence—Injury occurring after delivery of property by contractor.*

Defendant contracted to clean a privy well for the owners. All the work was done on July 1, 1885, and he rendered his bill therefor and was paid. In cleaning the well the contractor's workmen removed some of the boards which had formed its roof, and when they had finished their work, neglected to replace them. The boards thus removed were left to lie upon the roof, and some thirteen months thereafter one of them fell down and injured the plaintiff, a little child, as she was leaving the privy. *Held,* that the plaintiff could not recover.

Argued Jan. T., 1892. Appeal No. 316, Jan. T., 1891, by defendant, from judgment of C. P. No. 2 of Philadelphia Co., Dec. T., 1886, No. 497, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Case by Kate Fitzmaurice, a minor, by her next friend, Johanna Fitzmaurice, against James Fabian to recover damages for personal injuries. Plea, not guilty.

At the trial before PENNYPACKER, J., the facts appeared as stated in the opinion of the Supreme Court. The court charged in part as follows:

" This action, as you have learned, is a suit brought to recover damages for what is alleged to be negligence. It appears that defendant had a contract with the owner of this property to clean out a privy well. This work was done by him on July 1, 1885. On August 12, 1886, the plaintiff here, a little girl of about seven or eight years of age, who had been in the water-closet, was coming out of the door, and as she shut the door a board with a nail in it fell from the roof and struck her, and thus injured her.

The testimony of the mother of the little girl is that before the defendant's workmen did their work upon this place the roof was closed, and the boards were on it, and that after they went away they were thrown loosely upon the roof, where

they had been nailed before. The father of the plaintiff says that he examined the roof, and saw it the day before, and that it was a good roof, pretty tight, and that he saw it on the day following, and that the boards were thrown loosely there, some of them on that part of the roof which had not been interfered with, and some upon that place where the boards had been.

Where a man has a contract with the owner of real estate to do some work in connection with a building, and has control over the means by which the work is to be done without direction on the part of the owner as to those means, it is his duty to use proper and reasonable care to see that it is done in such a way as not to be injurious and dangerous to third persons. The want of such care is negligence.

[If you find that there was negligence in this case, and that that negligence resulted in the injury caused the plaintiff, she ought to recover, and it would be your duty to find a verdict in her behalf. It is incumbent upon the plaintiff to prove to your satisfaction both the negligence and the fact that the negligence was the cause of this accident. If the boards fell because they had gradually rotted away from lapse of time, the inclemency of the weather, or for any other reason, it would be your duty to find a verdict for the defendant.] [5]. . . .

I have been asked to charge you on behalf of the defendant:

"1. The undisputed evidence shows that the defendant's alleged negligence was not the proximate cause of the injury, and therefore the verdict must be for the defendant." A. "I decline that point." [1]

"3. If the plaintiff's parents, who were also tenants and occupants of the premises, had knowledge of the dangerous position in which it is alleged the defendant's servants placed the boards upon the roof of the privy, it was their duty to remove or secure the boards, and their failure to do so for upwards of a year after the alleged acts of the defendant's servants, was the proximate cause of the injury to the plaintiff." A. "I decline that point." [2]

"4. If the owners of the premises, or their agent, had knowledge of the dangerous position in which it is alleged the defendant's servants placed the boards on the roof of the privy, it was their duty to remove or secure the boards, and if they failed to do so for a long time, then their failure was the proxi-

mate cause of the injury to the plaintiff." A. "I decline that point." [3]

" 7. Under all the evidence in the case the verdict of the jury must be for the defendant." A. "I decline that point." [4]

Verdict and judgment for plaintiff for $1,460. Defendant appealed.

*Errors assigned* were (1–4) answers to defendant's points, quoting points and answers; (5) the portion of the charge in brackets, quoting it.

*Preston K. Erdman* and *John G. Johnson*, for appellant.—The present case is ruled by Curtin v. Somerset, 140 Pa. 70. The injuries were not the proximate consequences of the act complained of: R. R. Co. v. Keighron, 74 Pa. 316; Cuff v. R. R. Co., 35 N. J. 17; Insurance Co. v. Tweed, 7 Wall. 52; R. R. Co. v. Kellogg, 94 U. S. 469; Chartiers Twp. v. Philips, 122 Pa. 611; Carter v. Towne, 103 Mass. 507; Wharton on Negligence, sec. 134. The owner of the building must have known of the dangerous character of building. He was therefore liable: Gas Co. v. Lynch, 118 Pa. 362; Walden v. Finch, 70 Pa. 460; Belerick v. Bank, 25 W. N. C. 272; Mansfield Co. v. McEnery, 91 Pa. 185. The parents were guilty of negligence in leaving the board in a dangerous position.

*A. S. L. Shields*, for appellee, cited Lynch v. Wurden, 1 Q. B. 29; Schilling v. Abernethy, 112 Pa. 437; Heaven v. Pender, 11 Q. B. D. 503; Hogsett's Ap., 27 W. N. C. 319; Shearman & Redfield on Negligence, pp. 10, 41, 679; Thomas v. Hook, 4 Phila. 119.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 25, 1892.

This case is ruled by Curtin v. Somerset, 140 Pa. 70, where it was held, that "a contractor for the erection of a hotel building, who uses improper material in its construction, and in other respects departs from the specifications embodied in his contract, so that the building when completed is structurally weak and unsafe, will not be liable to a guest of the hotel for an injury caused to him by such defective construction, but occurring after the owner has taken possession." In that case, we held there was a breach of contract with the owner, but no breach of duty to third persons.

On Aug. 12, 1886, the plaintiff here, a little girl of about

seven or eight years of age, who had been in the water-closet in the yard of her father's residence, was coming out of the door, and, as she shut the door, a board with a nail in it fell from the roof and struck her, and thus injured her. The injury was not of a serious nature, but it left a mark upon her face, which may remain for life.

The defendant carries on the business of cleaning privy wells, and contracted to clean this well for the owners. All the work was done by his servants on July 1, 1885. He rendered his bill therefor and was paid. It appears that his servants, or workmen, in cleaning the well, had removed some of the boards, which had formed its roof, and, when they had finished their work, had neglected to replace them. The boards, thus removed, were left to lie upon the roof, and, some thirteen months thereafter, one of them fell down and injured the little child, as before stated. This action was brought by the plaintiff, by her mother, as her next friend, against the defendant, to recover damages for the said injury.

It needs but a statement of the case to show that this claim cannot be sustained. Whether the defendant properly performed his contract or not, his work had been accepted by his employer, and the defendant owed no duty to any one who should afterwards use the well. The plaintiff's father was the tenant of the property, and the fact that the boards were lying loosely upon the roof, was known to him, and was a matter of daily observation. The landlord, unless under a covenant to repair, was not bound to replace the boards. The plaintiff's parents, being the tenants and occupiers of the premises, were bound to remove or secure the boards, if they regarded them as dangerous, or require it to be done by the landlord, or the defendant, or whoever was under a duty to do so. If the defendant had failed to fully perform his contract, he would be responsible to the party with whom he contracted for the breach. But he owed no duty to a stranger for such non-performance, much less to one who was injured by such an accident, more than a year after the work was done. This is so obvious, that it does not require elaboration.

The judgment is reversed.