## Grodstein et ux. v. McGivern et al.

556

Argued March 20, 1931. Before Frazer, C. J., Walling, Simpson, Kephart and Schaffer, JJ.

*John Duggan, Jr.,* with him *Levy, Crone & Berger,* for appellant.—Where plaintiff, husband and head of a family, contracts for certain improvements in and about the home where he and his family reside, and in the installation of said improvements the work is performed in a defective or improper manner and injury results to the wife, the defendant is answerable to her in damages even though she was not an actual party to the contract: Fitzmaurice v. Fabian, 147 Pa. 199; Whitman v. Stipp, 270 Pa. 401; Giles v. Bennett, 298 Pa. 158.

One need not be a party to a contract to recover damages where it sounds in tort or results from a breach of a duty: Thompson v. Refowich, 85 Pa. Superior Ct. 248; Prager v. Gordon, 78 Pa. Superior Ct. 76; Garver v. Lightner, 275 Pa. 401.

In such case, the right to recover by the wife injured as a result of the negligent construction of the improvements is not dependent on the contract but arises from the tort perpetrated in the execution of the work: Eshleman v. Stock Yards, 222 Pa. 20.

*H. E. McCamey,* of *Dickie, Robinson & McCamey,* for appellee.—The contract was made by Hyman Grodstein for himself and not as agent for anyone.

Hyman Grodstein by his testimony shows that he had accepted, as completed, the particular railing causing the damage.

Even had he not accepted it, plaintiff was not damaged because the railing was properly equipped for temporary use, and it would be a mere conjecture on the part of the jury as to whether or not it had been accepted: Curtin v. Somerset, 140 Pa. 70; Fitzmaurice v. Fabian, 147 Pa. 199.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 11, 1931:

Hyman Grodstein and his wife Anna sued to recover damages for alleged negligence of defendants in constructing iron railings upon the porch of the Grodstein home. A verdict was rendered in favor of the husband for $1,400, and, by direction of the court, "for defendants in so far as Anna Grodstein is concerned." The latter appealed.

Grodstein engaged defendants, who did business as the Safe Guard and Manufacturing Company, to furnish and erect the railings in question and, after three sections had been completed and the workmen had withdrawn, Mrs. Grodstein, while sweeping the porch, came into contact with a section of the railing which gave way, causing her to fall to the ground, a distance of four and one-half feet, and to sustain the injury here complained of. Each section of railing installed by defendants extended between two pillars or wooden columns of the porch. The evidence showed proper construction required these several sections to be bolted or screwed into the columns, holes in the iron lugs being provided at each corner of the sections for that purpose. The evidence further disclosed that neither bolts nor screws had been inserted in one upper end of the section which gave way, thus leaving that section in an unfin-

ished and insecure condition although having the appearance of being completely erected.

In directing a verdict for defendants in so far as the claim of Anna Grodstein was concerned, the trial court relied on Curtin v. Somerset, 140 Pa. 70, which case enunciates the general principle that "when work covered by contract is completed and accepted by the party contracting to have the work done, none other than the contracting party has a right of action against the contractor." The Somerset Case was an action brought by the guest of a hotel against a contractor to recover damages for injuries sustained as the result of faulty construction. Recovery was denied because no privity of contract existed between plaintiff and contractor. In that case and those which followed with like circumstances, we held there was a breach of contract by defendant to his contractee but no breach of duty to a third person: Fitzmaurice v. Fabian, 147 Pa. 199, 201. In these cases there had been such completion and acceptance of the work that the contractor, under the facts presented, was completely absolved from the transaction in so far as concerned liability to third parties. The general rule announced in the Somerset Case is a rule of universal application recognized in America and England: LeLievre v. Gould, Law Reports 1893, 1 Q. B. D. 491, 498; Banks v. Ward, 100 U. S. 195. The rule has been stated in simple terms to be: "Where A builds, constructs or furnishes for B and under contract with him, A is ordinarily not liable to C, one not a party to the contract, for injury to C due to A's negligence in respect to the thing so built, constructed or furnished. There is no such duty of care owing by A to C as will support the action": Schermerhorn's Outlines in Tort, page 327. The outstanding reason for nonliability in these cases is that the causal connection which must in all cases exist between the negligent act and the injury has been broken by the delivery or sale to the intermediate party. It is fallacious to think of this rule as unbending for,

although the present case appears to be the first of its kind coming before us, and calling for such classification, there is a well recognized exception to the general rule, embracing many well considered American and English decisions, which, in the terms of the above illustration, has been stated to be: "A is, however, held to owe C a duty of care where, although C was no party to the contract, it should, under the circumstances, have been obvious to A that C would necessarily, in the natural course of things, be brought into contact with, or would use, the defective article or structure so furnished. A fortiori A will be liable where he knew that the thing was made or furnished for C's benefit and use": Schermerhorn, supra, page 328. The present case plainly falls within this exception. The Grodstein accident involves merely a question of faulty installation by a contractor, not defective manufacture. Consequently discussion becomes unnecessary of the class of cases involving the duty to third persons of a manufacturer who negligently assembles, constructs or makes goods sold such as medicines, automobiles, tools, etc., which bring harm to the ultimate user; a discussion of the numerous cases on this subject can be found in MacPherson v. Buick Motor Co., 217 N. Y. 382; L. R. A. 1916F, 696.

Grodstein employed defendants to erect the railing in anticipation of what undoubtedly was apparent to the contractors, that the railing was intended for the use and protection of Grodstein, and members of his family. His house was a private dwelling, and the person injured was Grodstein's wife. We cannot place the wife in the same class as guests of a hotel (the situation in the Somerset Case) as regards her right to recover from the contractors. A hotel is held to a high degree of care in holding out its premises as a safe place for its patrons, and if the premises prove unsafe, the proprietor is legally responsible to guests who are injured as a result of his negligence. The difficulty of the wife's suing her husband in a case like the present is apparent.

The knowledge of defendants that the porch railing was for the use and benefit of Mrs. Grodstein as well as for her husband and other members of the family, brings the case within the exceptional group above noted. To permit defendants to escape liability to Mrs. Grodstein if her injury resulted from their negligence on the bald general rule of the Somerset Case, would not only be manifestly unjust, but would result in unduly extending the scope of that rule.

The further questions of acceptance of the work by Grodstein, Mrs. Grodstein's part ownership of the property, and the matter of an "intervening agency" such as we discussed in Scalise v. Venzie, Inc., 301 Pa. 315, 318, where we considered the Somerset Case, all drop out of the present consideration. The defendants' erection of the railing on the porch was with full knowledge of its intended use by the wife as well as by the husband and they cannot invoke for their protection a general rule which, under the facts presented, is not applicable. Mrs. Grodstein is not such a "third party" as is, in contemplation of the Somerset rule, debarred from maintaining her action against the contractor. We conclude that although the verdict for the husband terminates his interest, appellant has a right to the assertion of her claim.

The order of the court below refusing appellant's motion is overruled and a new trial is granted.