Bastl et al. *v.* Papale, Appellant.

Argued May 2, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Waldo P. Breeden,* for appellant.

*Frank Schwartz,* for appellee.

OPINION BY HIRT, J., October 4, 1940:

The owner of land on Perrysville Avenue in the City of Pittsburgh (who was not made a party to this action) engaged the defendant, a cement contractor, to repair a stone sidewalk along the front of his property where it had been heaved and made uneven by the growth of tree roots. The contract was one of hiring at an hourly rate of pay. The owner did not live on the premises and did not supervise the work nor direct the manner of its performance. Defendant removed the flagstones, chopped out the roots and relaid the stone slabs at the proper level and filled the interstices with cement. He finished in the late afternoon of January 16, 1937. After dark, in the evening of the same day, while plaintiffs were walking along the newly repaired pavement, the wife-plaintiff stumbled over a low obstruction which had been placed by defendant over one of the joints to prevent pedestrians from stepping on the green cement. There were no lights or other warning giving notice of the danger. On the trial of the case brought to recover damages for the wife's injuries, the jury found for each of the plaintiffs and judgments were entered accordingly. The question in this appeal is whether, under the evidence, defendant is entitled to judgments in his favor n. o. v.

There was some dispute as to the nature of the obstruction. Defendant testified that he marked the area with pieces of narrow quarter-round wood moulding; plaintiffs' testimony is that there were boards covering the joints raised above the surface of the pavement by a series of bricks upon which they rested. Plaintiffs' testimony must be accepted as verity and there is nothing in the record even remotely charging them with contributory negligence.

Defendant, on his testimony that he completed his contract and had been paid for his work before the injury, contends that he is relieved from liability for injuries caused by obstructions placed by him on the

pavement, for the reason that the work had been accepted by the owner. He relies on *Curtin v. Somerset,* 140 Pa. 70, 21 A. 244. It was there held that, because "a man is not responsible for a breach of duty where he owes no duty," and a contractor's duty to the public ceases on the owner's acceptance of the work, a contractor may be liable to his employer after acceptance, but when work covered by contract is completed and accepted by the party contracting to have the work done, none other than the contracting party has the right of action against the contractor. A sufficient answer to this contention might be found in plaintiff's testimony that defendant did not surrender control of the sidewalk until the day following the injury when he hauled away the material placed by him on the pavement to protect his work. Plaintiffs, however, do not rest their right of recovery on that ground and we agree that, regardless of this testimony, plaintiffs' judgments must stand, for while the rule in the Somerset case is one of general application there is a well recognized exception to that rule and the present case falls within the exception. See *MacPherson v. Buick Motor Co.,* 217 N. Y. 382.

*Bisson v. John B. Kelly, Inc.,* 314 Pa. 99, 170 A. 139, discusses the exception as follows: "In 45 C. J. 649, is stated this principle: 'It is a well recognized rule that, where the *only duty* [italics supplied] which has been breached by the person charged with negligence is a duty created by contract, it is necessary, in order that he be held liable, that there should be some privity of contract between him and the person who has been injured by such breach.' ...... However, this court said in *Griffith et al. v. Atlantic Refining Co.,* 305 Pa. 386, 391, 157 A. 791: 'It is to be noted that the rule laid down in *Curtin v. Somerset* has been very much modified by the decision in *Grodstein v. McGivern* [303 Pa. 555, 154 A. 794].' In the latter case this court held

that 'where a husband contracts for work in and about a house used by himself and family as a home, and on the installation of the improvements the work is performed in a defective or improper manner and injury results to the wife, the contractor is answerable to her in damages even though she was not a party to the contract.' In that case this court said in an opinion by the present Chief Justice, quoting from Schermerhorn's Outlines in Tort, page 328: 'A is, however, held to owe C a duty of care where, although C was no party to the contract, it should, under the circumstances, have been obvious to A that C would necessarily, in the natural course of things, be brought into contact with or would use the defective article or structure so furnished.' "

As an incident of the use of cement in the construction or repair of a public sidewalk it is usual for the contractor to protect his finished work from damage during the time required for the cement to set. But in so doing he must exercise proper precautions for the safety of the users of the pavement. And in the present case it is apparent that from common knowledge, and much more so from defendant's experience as a cement contractor, he should have foreseen the danger of placing an obstruction on the pavement and allowing it to remain in the path of pedestrians after dark without lights or other warning. Within reason, he should have anticipated that one using the sidewalk in the darkness might be injured by falling over the unlighted obstruction. Even though the owner actually had accepted the work, the defendant still owed a "social-legal" duty to users of the sidewalk and he was properly charged with negligence in failing to anticipate and guard against a foreseeable dangerous condition created by him.

Judgments affirmed.