## Sweeney, Executrix, v. Levy et al.

*Philips, Farran & McKeag*, for plaintiff.

*R. A. Smith*, for defendants.

FENERTY, J., October 5, 1948.—This matter comes before the court on preliminary objections filed by the Otis Elevator Company, one of the defendants. The action arises in trespass brought by Lillian G. Sweeney, executrix for the estate of her husband, Allen F. Sweeney, deceased, against Morris Levy and Otis Elevator Company.

On May 8, 1947, Allen F. Sweeney was caused to fall down an elevator shaft in the Mayfair Apartments,

situate 4110 Parkside Avenue, Philadelphia. The premises are owned by one of the defendants, Morris Levy. At the time of the accident, which resulted in the death of Allen F. Sweeney, he was engaged in the furniture business and was delivering a mirror to a tenant on the second floor of the said apartment house.

The bill of complaint avers that while attempting to use the self-operating elevator in the said apartment house, to go to the second floor, he was caused to fall down the elevator shaft and be killed by reason of the fact of a defective condition of a locking device controlling the door of the elevator, permitting it to open when the elevator was not at the floor level. The bill further avers that on June 5, 1946, the Otis Elevator Company entered into a contract with Morris Levy for the maintenance of the aforesaid elevator by Otis Elevator Company which contract contained, inter alia, the following agreement:

"We will also examine, lubricate, and adjust, repair and/or replace the following accessory equipment: Cam, Interlocks, Car Gates, Hall Buttons, Car Lights."

The bill further avers:

"The said elevator is and was of such design and construction that when properly installed and maintained, the gates enclosing the same could not be opened by customary methods of use unless the elevator was at floor level."

The bill avers that:

"The negligence of the defendant, Otis Elevator Company, by its servants, agents or employes consisted in (a) inadequate and negligent inspection of the said elevator within a short period of time prior to the said accident; (b) failure to repair, adjust or replace the defective mechanism of the said elevator gate or door; (c) failure to give notice of the defective and dangerous condition of the said mechanism for the

protection of persons lawfully making use of said elevator."

The preliminary objections filed by the Otis Elevator Company are to the following effect:

Plaintiff may not maintain his action in trespass against it because there was no privity of contract between them.

This case seems to be within one of the exceptions to the general rule that a third party (or his estate) not being privy to a contract, may not maintain a cause of action in trespass against the party installing or erecting an instrumentality which caused injury or death to the said third party. An automatic elevator allowed to become defective in any of its essential operating parts as a result of its negligent servicing or improper repairs, becomes a dangerous instrumentality, and injury or damage can be reasonably foreseeable to a person lawfully using the same. If a person lawfully on a premises where a self-operating elevator is installed, is injured as the result of a defective condition of the said elevator, he may maintain an action in trespass against the owner of the premises. The law seems clear that the owner of the premises cannot join as an additional defendant in an action in trespass the company that installed the elevator because of the contract with the elevator company, by which it agreed to service the elevator and keep it in repair. The owner of the premises may have a cause of action in assumpsit if he suffers a loss as the result of a breach of contract, but he does not have the right to join the elevator company as an additional defendant in an action in trespass.

It has been suggested that neither does the injured party have a right of action in trespass against the elevator company for its negligence to a third party lawfully using said elevator, because there was no privity of contract. We do not believe that this is the

law of Pennsylvania or that the case of Volta v. Markovitz Brothers, Inc., et al., 351 Pa. 243, is controlling in the present case. When the Otis Elevator Company erected and installed the elevator in the apartment house of defendant, Morris Levy, it had knowledge that third parties, in the natural course of things, would necessarily use the appliance installed and that if the appliance or any of its essential parts became defective, injury might reasonably be expected to result therefrom.

In the case of Grodstein et ux. v. McGivern et al., 303 Pa. 555, defendant installed and erected railings upon the porch of the Grodstein home under a contract with Hyman Grodstein. After the installation, Anna Grodstein, his wife, while sweeping the porch, came against said railing which gave way, causing her to fall and be injured. She sued defendant. The lower court directed a verdict for defendant "upon a general principle that when the work covered by the contract is completed and accepted by the party contracting to have the work done, none other but the contracting party has a right of action against the contractor".

The Supreme Court, in an opinion by Mr. Chief Justice Frazer held (pp. 558-9):

"It is fallacious to think of this rule as unbending for, although the present case appears to be the first of its kind coming before us, and calling for such classification, there is a well recognized exception to the general rule, embracing many well considered American and English decisions, which, in the terms of the above illustration, has been stated to be: 'A is, however, held to owe C a duty of care where, although C was no party to the contract, it should, under the circumstances, have been obvious to A that C would necessarily, in the natural course of things, be brought into contact with, or would use, the defective article or structure so furnished. A fortiori A will be liable

where he knew that the thing was made or furnished for C's benefit and use': Schermerhorn, supra, page 328. The present case plainly falls within this exception."

In 45 C. J. 649, §22, the general law as well as the exceptions thereto are clearly stated:

"*Privity.* While it has been stated in a general way that liability for negligence exists only where there is privity between the person injured and the one whose act or omission has caused the injury, the term 'privity' is used in the sense of a relation which creates obligations and its meaning is not necessarily confined to privity of contract. It is a well recognized rule that, where the only duty which has been breached by the person charged with negligence is a duty created by contract, it is necessary, in order that he be held liable, that there should be some privity of contract between him and the person who has been injured by such breach. It has been said that this rule is subject to exceptions, but a more accurate statement is that there are two distinct principles which may be invoked to fix liability for an injury from negligence in the performance of a contract obligation. The law may impose duties additional to those specified in a contract or independent of it, and one may owe two distinct duties in respect of the same thing, one of a special character to a particular individual, growing out of special relation to him, and another of a general character to those who would necessarily be exposed to risks or danger or loss through the negligent discharge of such duty. Privity of contract is not necessary where the duty which was breached, although connected with the subject matter of a contract, was not created by contract, as in a case where one who has been employed to perform certain work is guilty of such negligence in connection with the performance thereof as to cause injury to a person other than his employer,

or where the thing dealt with is inherently dangerous. A fortiori, privity of contract is not necessary where there is no contract relation. The governing rule is that, where a person undertakes to do an act or discharge a duty by which the conduct of another may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of negligent failure so to perform it, and liability for negligence in the breach of this duty is in no way dependent upon the existence of any privity of contract between the person guilty of the negligence and the person suffering injury as a result thereof."

Thus, if there is a duty on the part of the Otis Elevator Company to service this particular elevator and make repairs to its defective parts, it is under obligation to do so, and if in that obligation, it acted negligently, causing a third party, who it was aware would most likely use said appliance, to be subject to an unreasonable risk, as the result of which he was injured and killed, an action should lie for this misfeasance. In Kahner v. Otis Elevator Co., 96 App. Div. (N. Y.) 169, 89 N. Y. S. 185, affirmed 183 N. Y. 512, 76 N. E. 1097, where plaintiff was injured due to the falling of a piece of elevator equipment, due to faulty construction, it was held:

"Although a machine may not be in its nature inherently dangerous, yet if it is made so by the neglect of a manufacturer having notice and knowledge that it is to be used by others than the purchaser, and injury results to others than the purchaser, directly traceable to that negligence, such manufacturer is liable to the person injured, because of that negligence."

In Dahms v. General Elevator Co., 214 Cal. 733, 737, 7 P. (2d) 1013, an operator of an elevator was injured

as a result of a cable breakage. The defense was want of privity of contract. Defendant had inspected the elevator on the day before the fall. The court held:

"Appellant strenuously contends that it owed no duty of care to plaintiff with whom it had no contractual relation, and that its liability, if any exists, is to the Wilson Estate Company. It is elementary, of course, that no tortious liability can be imposed on a defendant even though it was negligent, unless defendant owed a duty of care to plaintiff.

"It is first to be kept in mind that the duties of defendant must be measured by the same rules that apply to manufacturers and vendors. In other words, although defendant did not manufacture the elevator machinery, as the repairer thereof, it is to be held to the same duties and liabilities that the manufacturer is held to. This would seem to be reasonable and just and amply supported by authority."

And on page 742, the court stated:

"Defendant as a matter of law is chargeable with knowledge that in undertaking to repair an instrumentality such as an elevator, and particularly the hoisting shaft and sheave thereof, any negligence on its part would cause injury to the operator of the car. It is likewise chargeable with knowledge that if an accident should occur and the safety device did not work, the car would be precipitated to the basement and the operator injured. In such a case we think that defendant was under a duty to plaintiff to use ordinary and reasonable care in the repair and inspection of the elevator, and where as here the jury finds that defendant negligently performed its duties, and such negligence approximately contributed to the injury, the liability of defendant to plaintiff is clear."

In Cowles v. Independent Elevator Co., Inc., 22 Cal. App. (2d) 109, 70 P. (2d) 711, plaintiff, a hotel guest, was injured while riding in a passenger elevator which

was part of the equipment of the hotel. The elevator failed to respond to the controls and fell. Defendant was a corporation engaged in the elevator inspection business and had entered into a contract with the hotel company for the inspection of the elevator. The court held:

". . . the duty to inspect and defendant's negligent failure to ascertain and report the facts to the hotel company, were alleged. This, we think, was sufficient."

In Fox v. Dallas Hotel Co., 111 Texas 461, 240 S. W. 517, Alexander Fox, a night watchman for A. Harris & Company, while using a hydraulic elevator, was killed as the result of the defective condition of the said elevator. Defendant in error was obligated to keep said elevator in a condition reasonably safe for use. The court held (p. 473):

"Plaintiff in error's cause of action is not for breach of the contract between defendant in error and A. Harris & Co. but is for damages sustained from defendant in error's tort. Osborne v. Morgan, 130 Mass. 104. Defendant in error cannot be excused for negligently killing Alexander Fox, because it had a contract with A. Harris & Co. under which it had agreed to perform what might have been one of A. Harris & Co.'s nondelegable duties to Fox. The duty not to negligently do anything to the hurt of Alexander Fox was imposed on defendant in error not as agent of A. Harris & Co., but as a corporation responsible for its own tort."

It may well be stated that a self-service elevator, as installed in a building, is not in its nature an inherently dangerous machine, but that it may become so by lack of proper service or negligent repair. Where one has the duty of repair and service with knowledge that the elevator is for the use of others than the purchaser, and it permits said elevator to become in a dangerous condition as the result of its negligence, and a third party is injured or killed, as

the result of that negligence, it becomes liable to that person or his estate. The obligation of the elevator company, whether for misfeasance or nonfeasance, does not rest upon the contract between it and Morris Levy, but is a common-law obligation devolving upon it to keep in a proper condition of repair that instrumentality which it controls, so as not to cause injury to a third party using said elevator. We are of the opinion that defendant's objections are not sound.

### Order

And now, to wit, October 5, 1948, the preliminary objections of Otis Elevator Company are not sustained.