DeTillo *v.* Carlyn Construction, Inc., Appellant.
DeTillo *v.* Baldwin Borough, Appellant.

Argued October 13, 1964. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

470

reargument refused February 8, 1965.

*John A. Metz, Jr.,* with him *Joseph M. McClure, Guy L. Warman,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*Thomas M. Rutter, Jr.,* with him *Goehring, Martin & Rutter,* for borough, appellant.

*Marvin D. Power,* with him *Suto, Goldstein, Balzarini & Walsh,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 5, 1965:

Nicholas A. DeTillo and Grace DeTillo, his wife, purchased Lot No. 443 in Carlyn Village, at the corner of Elaine Drive and Norma Drive, in the Borough of Baldwin, Allegheny County. They constructed a six room house with a game room in the cellar, and extensively landscaped the lot.

In June of 1955, an eighteen inch depression developed in the rear yard, and shortly thereafter, the depression increased in size to over three and one-half feet. Heavy rains followed, and water gushed from the depression to heights of five feet; the landscaping washed away and the depression increased in size. As a result of this movement of soil, the DeTillo

home settled and cracks appeared in the walls and ceilings, the panelling buckled, and the studding was separated from the floors.

Investigation and testing disclosed that an eighteen inch sewer pipe was running underneath the DeTillo land, and this sewer pipe had burst, causing the depression and the gushing water each time it rained.

The DeTillos then brought an action of trespass against the Carlyn Construction Company which had developed the land; the D. Carapellucci Company, which had installed the pipe; and a separate suit was brought against the Borough of Baldwin. The plaintiff-appellees' theory of liability against the developer and contractor was based on the negligent construction of the sewer pipe. The appellees' theory of the liability of the Borough was based on its statutory duty to inspect sewer lines and its duty to indicate the location of the sewer lines. At the trial in the court below, the cases were consolidated and the jury returned a verdict in favor of the appellees and against all the defendants in the amount of $11,500. After the denial of motions for judgment n.o.v., judgment was entered on the verdict; this appeal followed.

The appellant, D. Carapellucci Company, contends that the record in the court below does not contain evidence that the appellant actually constructed the defective sewer line. When we pass on a motion for a judgment n.o.v., certain principles of law must guide us as we view the evidence; we recognize that the mere happening of an accident is not evidence of negligence and that the burden is on the plaintiff to produce evidence which indicates that the defendant was negligent and that the negligence was the proximate cause of the injury. We are also bound by the rule that the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the verdict winner, *Chambers v. Mont-*

*gomery,* 411 Pa. 339, 192 A. 2d 355 (1963); *Anzenberger v. Nichols,* 413 Pa. 543, 198 A. 2d 309 (1964); *Pritts v. Wigle,* 414 Pa. 309, 200 A. 2d 386 (1964).

We have examined the record in depth and our examination reveals that there exists evidence in the record from which a jury could properly infer that the defendant, D. Carapellucci Company, negligently installed the 18-inch sewer line and that this negligently installed sewer line was the proximate cause of damages suffered by the appellees.

The next point raised by the appellant, D. Carapellucci Company, is that the storm sewer was installed while the developer, Carlyn Construction, Inc., owned the lot; therefore, there could be no trespass by the developer or his contractor. Even though this point is well taken, the plaintiff need not rely on a trespass to establish negligence on the part of the contractor. It has long been the law that when it is obvious to the contractor that a third party would necessarily, in the natural course of events, be brought into contact with, or would use the defective construction, then the contractor will be liable for injuries sustained by the third person caused by the negligence of the contractor. *Grodstein v. McGivern,* 303 Pa. 555, 154 A. 794 (1931); *MacPherson v. Buick Motor Company,* 217 N. Y. 382, 111 N.E. 1050; *Prost v. Caldwell Store; Inc.,* 409 Pa. 421, 187 A. 2d 273 (1963), and cases cited therein.

The appellant, the Borough of Baldwin, alleges that the Borough had no duty to fix the places or prescribe the manner in which storm sewers are to be laid. However, at the time of the negligent placement of the storm sewer, §2106 of The Borough Code, May 4, 1927, 53 P.S. §47106, provided: "The borough shall fix the places along the streets, where such sewer, and branches thereof, shall be laid down, and shall prescribe the manner in which they shall be constructed."

The Borough argues that a later amendment amending this section to apply to sanitary sewers only, indicates that the legislature intended the section prior to amendment to impose a duty on the Borough relating only to sanitary sewers. We must reject this argument because we must read the statute as it existed at the time the installation occurred.

The second point raised by the appellant-Borough is that the Borough is not liable because the Borough did not adopt the pipe as part of its sewer system and had no notice of its existence. However, the record clearly shows that the Borough engineer was on the job site and inspected the construction. The record indicates that the Borough engineer knew of the pipe, and this knowledge was properly imputed to the Borough.

Judgments affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS dissent as to the Borough.